**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

CARL ARTHUR PERRY,      :
AIS 105161,

                          :

     Petitioner,

vs.                      :       CA 05-0710-WS-C

WARDEN RALPH HOOKS,    :

                          :

     Respondent.

## REPORT AND RECOMMENDATION

Carl Arthur Perry, a state prisoner presently in the custody of the respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254.  This matter has been referred to the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4).  It is recommended that the instant petition be dismissed due to petitioner's failure to comply with 28 U.S.C. § 2244(b)(3)(A).

## FINDINGS OF FACT

1.     Perry  was convicted in the Circuit Court of Mobile County, Alabama on May 18, 1983, of murder and sentenced to life imprisonment without the possibility of parole pursuant to Alabama's Habitual Felony

Offender Statute on May 24, 1983.  *See Perry v. Dees*, CA 00-0074-CB-C, Doc. 1, at 2-3.  Petitioner directly appealed his conviction and sentence, *Perry v. State*, 453 So.2d 762 (Ala. Crim. App. 1984)  and also collaterally attacked same,  *see, Perry v. Dees*, CA 00-0074-CB-C, Doc. 10, at 2-6.

2.      Perry filed a petition seeking federal habeas corpus relief in this Court, pursuant to 28 U.S.C. § 2254, on December 21, 1999, collaterally attacking his conviction and sentence. *See* CA 00-0074-CB-C, *supra*. On August 3, 2000, the undersigned recommended that the petition be denied as time-barred pursuant to 28 U.S.C. § 2244(d). *See* CA 00-0074-CB-C, Doc. 10. Chief United States District Judge Charles R. Butler, Jr. adopted the undersigned's report and recommendation by order entered on August 17, 2000, *id.* at Doc. 12, and entered judgment that same date dismissing Perry's petition for writ of habeas corpus as time-barred, *id*. at Doc. 13.

3.      Petitioner filed written notice of appeal and a request for certificate of appealability on September 22, 2000. *Id.* at Doc. 23. This Court denied the motion for certificate of appealability by order dated September 29, 2000. *Id*. at Doc. 24. Thereafter, on December 27, 2000, the Eleventh Circuit Court of Appeals denied Perry's motion for a certificate of appealability on the basis that petitioner had "failed to make a substantial showing of the denial of

2

a constitutional right." *Id*. at Doc. 25. The Eleventh Circuit, on March 21, 2001, reaffirmed its position on reconsideration of this issue. *Id*. at Doc. 26 ("Appellant's motion to amend his appeal is DENIED. Upon reconsideration of this Court's order dated December 27, 2000, appellant's motion for a certificate of appealability is DENIED because appellant has not made the requisite showing. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).").

    4.     Perry filed the instant habeas corpus petition in this Court on December 12, 2005. (Doc. 1) The respondent filed his answer on January 23, 2006, therein claiming Perry's federal habeas corpus petition is time-barred pursuant to 28 U.S.C. § 2244(d). (Doc. 9) The respondent's reliance on the statute of limitations defense is no surprise since it was never required to answer the habeas petition Perry filed in this Court on December 21, 1999. *Perry v. Dees, supra*, Doc. 10, at 6 ("The respondent has not been required to answer the petition."). Accordingly, the undersigned raises the applicability of 28 U.S.C. § 2244(b)(3)(A) *sua sponte*.[1]

---

[1]    Presently pending before the undersigned is petitioner's motion for change of venue (Doc. 7) and his motion for voluntary dismissal (Doc. 12). In his motion for voluntary dismissal, Perry seeks dismissal of his motion for change of venue. (Doc. 12, at 2) The Court **GRANTS** petitioner's request in this regard and notes Perry's withdrawal of his motion for change of venue. To the extent necessary, this report and recommendation otherwise **MOOTS** both motions.

## CONCLUSIONS OF LAW

1.      Pursuant to 28 U.S.C. §§ 2254 and  2244(b)(3)(A), as amended by §§ 105 and 106 of the Antiterrorism and Effective Death Penalty Act of 1996 ("ADEPA"), "'[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.'" *Guenther v. Holt*, 173 F.3d 1328, 1330 (11th Cir. 1999), quoting 28 U.S.C. § 2244(b)(3)(A), *cert. denied*, 528 U.S. 1085, 120 S.Ct. 811, 145 L.Ed.2d 683 (2000).

2.      The instant petition, filed on December 12, 2005 pursuant to 28 U.S.C. § 2254, is clearly a successive petition yet there is nothing to indicate that petitioner has filed an application with the Eleventh Circuit Court of Appeals seeking an order authorizing this Court to consider this petition. Because petitioner has not applied to the Eleventh Circuit Court of Appeals for permission to file a second habeas petition, this Court lacks jurisdiction to consider Perry's request for relief.  *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir.), *cert. denied*, 520 U.S. 1203, 117 S.Ct. 1571, 137 L.Ed.2d 714 (1997).

3.      The undersigned recommends that this Court dismiss Perry's present habeas petition due to his failure to comply with § 2244(b)(3)(A),

rather than transfer same to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 1631, *compare Guenther, supra*, 173 F.3d at 1330-1331 (refusing to decide whether § 1631 authorizes a transfer) *with In re Green*, 215 F.3d 1195, 1196 (11th Cir. 2000) (implicitly recognizing that § 1631 authorizes a transfer), because his petition "in addition to being second or successive, [is] indisputably time-barred[,]" *Guenther*, 173 F.3d at 1331, this Court having so previously determined, *Perry v. Dees*, 00-0074-CB-C, Docs. 10, 12 & 13; *see also id*. at Docs. 25 & 26 (Eleventh Circuit twice denies Perry's requests of certificate of appealability).

## <u>CONCLUSION</u>

The Magistrate Judge recommends that the present habeas corpus petition be dismissed due to petitioner's failure to comply with 28 U.S.C. § 2244(b)(3)(A).

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 23rd day of February, 2006.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.        *Objection*.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to  do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.        *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE

6